In re BIG LAKE DRAINAGE DISTRICT; W. T.
MARSHALL et al., Appellants, v. B. G. ROL-
WING.

**In Banc, June 29, 1915.**

1. DRAINAGE DISTRICT: Incorporation: Jurisdiction: Raised
   by Objections to Commissioner's Report. Errors in proceed-
   ings subsequent to the incorporation of a drainage district can-
   not relate back and destroy the corporation itself; and the report
   of the commissioners, the adoption of a plan of reclamation and
   that plan itself are things which come into existence after
   the incorporation has been effected, and irregularities in them
   may avoid them and assessments based upon them, but cannot
   destroy a corporation lawfully brought into existence.

2. ————: ————: ————: ————: Use of Erroneous Name.
   The use, in papers filed and in reports made after the decree
   incorporating the drainage district has been entered, of names
   slightly different from the true name of the district, furnishes
   no basis for annulling its incorporation.

3. ———: ———: ———: Retaining Land of Owner Not Served. The fact that the court inadvertently retained in the decree incorporating the drainage district lands of an owner who had not been served with summons, after the articles of association had been so amended as to exclude them, does not affect the validity of the incorporation. Not being served with process, the lands of such owner are not affected thereby.

4. ———: ———: ———: Separate Petition and Articles. A decree incorporating a drainage district is not a nullity because there was not filed a petition separate and distinct from the articles of association. Under the statute of 1911 (Laws 1911, p. 206), a prayer closing the articles of association may be treated by the court as a petition; and as amended in 1913 (Laws 1913, pp. 233-234), the statute specifically denominates the articles and the prayer for incorporation as "said articles of association and petition." No separate petition is required, but a prayer is required.

5. ———: ———: ———: Aided by Appeal by Others. The separate appeal by others at some other stage of the proceeding incorporating a drainage district, does not place respondent in any better position on an appeal by other landowners from a decree annulling the incorporation of the drainage district, in response to his exceptions to the commissioners' report or to his plea to the court's jurisdiction. His right to his judgment must be determined upon the record in his case.

6. ———: ———: ———: Incorporated by Different Name: Waiver: Amendment Nunc Pro Tunc. The fact that the court incorporated the district under the name of the "Big Lake Drainage District," instead of under the name of the "Big Lake Drainage District of Missouri" as proposed in the articles, is of no consequence after incorporation; for if the landowners desired to object to the difference in name, they should have objected when the decree was entered, and not having done so, it was waived. Besides, if it was the legal duty of the court to use the name inserted in the articles, the variance is open for correction by a *nunc pro tunc* order.

7. ———: ———: ———: Articles of Association: Majority of Acreage. Where the articles of association for the drainage district did not specifically state the petitioners were the owners of the majority of the acreage in the proposed district, but did set forth the names of all owners of lands proposed to be affected, and described the land owned by each; and the persons signing the articles as petitioners appeared in the list as owning, in the aggregate, the majority of the acreage, the incorporation is not to be held invalid upon a view of these facts, if the articles were amended and as amended contained an ex-

press allegation that the petitioners owned a majority of the acreage, and the decree was based upon the articles as amended.

8. ————: County of Incorporation: Majority of Land in Another: Jurisdiction. The articles of association for the incorporation of a drainage district should be filed with the clerk of the circuit court of the county in which there are situated more of the lands in the district as shown by said articles than are situated in any other county; and if after being filed, they are so amended by excluding some lands that the majority of the number of acres left in the proposed district lie in another county, the court in which the articles were filed does not lose jurisdiction to incorporate the district in accordance with the amended articles, nor can its incorporation be subsequently annulled on that ground. The proper county is to be determined from the face of the articles of association as first filed; and the jurisdiction of the circuit court of that county is not ousted by the amendment excluding lands in that county until of those remaining in the proposed district a majority of acres lies in another county.

Appeal from Scott Circuit Court.—*Hon. R. G. Ranney,* Judge.

REVERSED AND REMANDED.

*Boone & Lee* and *J. L. Fort* for appellants.

(1) The appeal of R. P. Whitesell and Clara Whitesell from the decree incorporating Big Lake Drainage District to this court, in which said appeal is now pending, does not operate as a supersedeas of any proceedings which said district might have or take if said appeal was not pending in this court. Laws 1913, p. 253, sec. 36; Simpson v. County, 173 Mo. 475. (2) "A corporation may have more than one name; it may have one in which to contract, grant, etc., and another in which to sue and be sued; so it may be known by different names, and may sue and be sued in either; and the name of the president, his official name or names of some kind, in which all the affairs of the company may be conducted. So much and no more, is essential to give simplicity and effect to the operation." Thomas

v. Dakin, 22 Wend. (N. Y.) 9; 1 Clark and Marshall's Corporations, secs. 1150-51; 10 Cyc. 150; Newport v. Starbird, 10 N. H. 123; Skillman v. Clardy, 256 Mo. 311. There is no ambiguity or lack of clearness in the name given to the district by the decree. Missouri v. Holschlag, 144 Mo. 253. The difference between the names given to this district are not essential—they are about the difference between a hair 'twixt north and northwest side. Skillman v. Clardy, 256 Mo. 321; 13 Cyc. 624; 1 Clark and Marshall, Corp., sec. 52; King v. Fink, 51 Mo. 212; Adler v. Company, 92 Mo. 249. (3) The circuit court of Scott county had full and complete power and jurisdiction over the subject-matter of the proceedings and over the persons of the landowners. Laws 1911, p. 206-7, secs. 5496-99; Paul v. Fulton, 25 Mo. 156; Henks v. Deb, 1 Mo. App. 402; Barnes v. Railroad, 119 Mo. App. 303. The jurisdiction of the court must be determined by the amount claimed regardless of the amount which may be found to be due by the court or jury. 11 Cyc. 775; Funk v. Funk, 35 Mo. App. 246; Payne v. Weems, 36 Mo. App. 54. (4) The articles of association take the place of a petition in an ordinary civil action while objections to the incorporation take the place of answers, and either may be amended as any other pleading and the law should be liberally construed. Laws 1911, p. 207, sec. 5499; State v. Bates, 235 Mo. 262. (5) All jurisdictional facts need not appear in the articles of association but may be shown by the evidence. The legality of the organization of the district cannot be inquired into in this proceeding unless the proceedings are void on their face. Smith v. District, 299 Ill. 155; State v. Weithaupt, 254 Mo. 326. (6) The report of the commissioners bound nobody, as the commissioners were the agents of the court and the court might adopt their report, modify it or reject it altogether. There is nothing jurisdictional in the report of the commissioners. R.

S. 1909, sec. 5516; Laws 1911, p. 212, secs. 5518-5518a; Tarkio v. Richardson, 237 Mo. 68.

*J. M. Haw, James A. Finch* and *Oliver & Oliver* for respondent.

(1) The circuit court of Scott county was without authority, power and jurisdiction to incorporate the Big Lake Drainage District, after the articles of association had been amended by striking therefrom more than nine hundred acres of land situated in Scott county. The amended articles of association disclose the fact that there was a greater acreage of land in Mississippi county than was then in Scott county. This is a jurisdictional fact that must appear on the face of the petition or articles of association. Laws 1911, p. 206, sec. 5496; Johnson v. Dietrich, 152 Mo. 243; Owens v. Pierce, 5 Mo. App. 575; Kartzendorfer v. St. Louis, 52 Mo. 204; Bobb v. Bobb, 89 Mo. 418; Elliot v. Secor, 60 Mo. 163; Ross v. Land Co., 162 Mo. 329; Underwood v. Bishop, 67 Mo. 374; Locke v. Bowman, 168 Mo. App. 131; Shantz v. Scriner, 167 Mo. App. 643. (2) The attempted incorporation of the land described in the articles of association under the name of ''Big Lake Drainage District'' is not in accord with the name set out in the articles themselves, nor is it in accord with the prayer of the petition or articles of association, praying for the incorporation. Laws 1911, p. 206. (3) The original articles of association did not say that the petitioners were ''the owners of a majority of the acreage'' of the land sought to be incorporated. The recital is: ''We, the undersigned, a majority in interest of the owners of a contiguous body of swamp and overflowed land.'' This recital did not confer any jurisdiction or warrant the filing of the articles at all. Evidently the petitioners came to realize this fact and attempted to amend, but this record nowhere shows that they were ever given authority or permission by

the court to amend their articles in this behalf. Johnston v. Dietrich, 152 Mo. 243. (4) The court was without jurisdiction to incorporate said drainage district, because of the appeal of R. P. and Clara Whitsell to this court. 23 Cyc. 682; Cohn v. Lehwan, 93 Mo. 586; Leavenworth v. Atchison, 137 Mo. 218.

BLAIR, J.—This is an appeal from a judgment of the circuit court of Scott county declaring null and void a decree of the same court incorporating the Big Lake Drainage District under article one of chapter forty-one of the Revised Statutes of Missouri of 1909 as amended in 1911 (Laws 1911, p. 205).

The record shows that the articles of association for the proposed district were filed in the circuit court of Scott county, March 7, 1912, and that after a showing of service of process upon those landowners (with one exception) upon whom such service was required by the statute, and after a guardian *ad litem* had been appointed for minors concerned, the matter of incorporation was, upon April 15, 1912, submitted upon the articles of association and certain motions, objections and exceptions and taken under advisement; that on June 24, 1912, the submission was set aside and leave was granted to strike out the name and lands (eighty acres) of Emily Brown, who had not been served with process; that thereafter and on the same day the court entered its decree incorporating the district under the name of the Big Lake Drainage District, first having found that the articles and service of process complied with the statutory requirements. The court found, specifically, that of the 19,300 acres proposed by the articles of association to be included in the district, the major portion thereof was in Scott county. The decree sets forth the boundaries of the district formed. These boundaries as defined by the decree did not include either the eighty acres of Emily Brown or about four hundred other acres in Scott county which were

shown to have been stricken from the articles of association by the court itself after the evidence was all in and before the decree of incorporation was entered. The elimination of the four hundred acres in Scott county reduced the number of acres in that county to such an extent that of the land which remained the major portion was situated in Mississippi county. The decree recited, among other things, that the district was "formed, created, organized and incorporated in accordance with said articles of association so signed by said petitioners and filed herein as a drainage district with the boundary hereinbefore set out and described *as amended*," said district to include "all the lands in said boundary described, except such as have been stricken out by amendments by permission of the court herein," and thereafter set forth the boundaries of the district as incorporated.

Subsequently a landowners' meeting was held, a board of supervisors elected and a chief engineer and assistant engineers selected. In due time the board of supervisors reported to the court, as adopted by them, the report of the board of engineers upon a plan for reclamation. November 13, 1913, the court appointed commissioners to appraise land required for rights of way and holding basins and to assess benefits and damages. March 16, 1914, these commissioners filed their report, of which notice was given, and thereafter, on April 11, 1914, respondent Rolwing filed exceptions upon numerous grounds, including one that the Scott County Circuit Court lost jurisdiction when the articles of association were so amended that the acreage in Scott county became less than that in Mississippi county. Most of the other exceptions related to the report of the commissioners and the plan for reclamation. Upon May 9, 1914, respondent's exceptions were taken up and the evidence heard and the exceptions submitted to the court on May 16, 1914, and the cause continued to May 18, 1914. On May 18, 1914, respond-

ent filed a plea to the jurisdiction of the court. The first ground of this plea was that at the time the decree of incorporation was entered the "articles of association, as amended, show that the circuit court of Scott county was without jurisdiction to enter said pretended decree of incorporation because there were more acres of land in Mississippi county, Missouri, within the boundaries of said district, than there were acres in Scott county within the boundaries of said district." Other grounds of the plea attack the plan for reclamation and the commissioners' report and the sufficiency of the notice of the filing of the latter. Another sets up that "no petition was ever filed in the circuit court of Scott county praying for the incorporation of the Big Lake Drainage District."

Upon the same day the court entered the following judgment:

"Now, at the close of all the evidence in the cause, comes the above-named exceptor, and by leave of court, files an amended pleading, including the exceptions heretofore filed herein, and a plea to the jurisdiction of the court; and the court after hearing all the evidence and argument of counsel in this cause, and duly considering said plea to the jurisdiction of the court, and being now fully advised in the premises, doth in all things sustain said plea to the jurisdiction of the court.

"Wherefore: It is considered, ordered and adjudged by the court, that the articles of association and incorporation of Big Lake Drainage District, and the decree of this court, incorporating the same, be, and they, and each of them, hereby are decreed to be null and void and of no effect whatever; and that the proceedings on the exceptions filed herein, be, and the same are hereby dismissed, and that exceptors have and recover of and from the petitioners for the organization of said district the cost in this behalf, laid out and expended, and that execution issue therefor."

It is from this judgment that the appeal in this case was taken.

I. Does the record support the judgment entered? In the first place the objections made to the report of the commissioners and to the plan for reclamation, as such, furnish no basis for a judgment annulling the articles of association and holding the original incorporation void and without effect. The report of the commissioners and adoption of a plan for reclamation and that plan itself are things which come into existence after incorporation has been effected and irregularities in them may avoid them and assessments based upon them, but, obviously, cannot destroy the corporation itself, provided it was lawfully brought into existence. It may be conceded that irregularities in such report and plan could, as argued, be of such character as to amount to jurisdictional defects in so far as the collection of assessments and the condemnation of rights of way, etc., are concerned. The cases cited from condemnation proceedings under other statutes announce a rule of this kind. No case is cited, however, which holds that errors in proceedings subsequent to the incorporation of a drainage district of this kind can relate back and destroy the corporation itself. It is manifest the judgment cannot be supported on any such theory. This also disposes of the suggestion that the use, in papers filed and in reports after the incorporating decree was entered, of names differing slightly from the true name of the district furnishes support for the judgment appealed from. Nor does the fact that the court inadvertently retained in the decree the eighty acres of Emily Brown after the articles of association had been so amended as to exclude them. Emily Brown was not served with process and was not affected, therefore. Nor is there any substance in the insistence that the decree of incorporation is a nullity

*Incorporation: Jurisdiction.*

because there was not filed a petition separate and distinct from the articles of association. The articles closed with a prayer for incorporation, and this was treated as a petition by the court and so named in the decree. Under the statute as it then was (Laws 1911, p. 206) this was sufficient. The statute as amended in 1913 (Laws 1913, pp. 233, 234) specifically denominates the articles and the accompanying prayer for incorporation, now, as formerly, required to be included in such articles, as "said articles of association *and petition.*" No separate petition was required. Further, the appeal of Whitesell from the decree of incorporation in no way puts respondent in any better position in this case. Respondent's right to this judgment must be determined from this record.

The fact that the court incorporated the district under the name of "The Big Lake Drainage District" instead of under the name of "The Big Lake Drainage District of Missouri," as proposed in the articles filed, is of no consequence now. If the landowners desired to object to such an inconsequential difference they should have done so when the decree was entered. Otherwise, the matter was waived. If respondent's view is correct, i. e., that it was the legal duty of the court in incorporating the district to employ the name set forth in the articles, the matter would be yet open for correction *nunc pro tunc.* Such view, however, we do not regard as tenable. In no event can the difference in name in this connection avoid the entire decree of incorporation.

The original articles of association did not specifically state that the petitioners were the owners of a majority of the acreage in the proposed district. The articles of association set forth the names of all owners of lands proposed to be affected, and described the land each owned. The persons signing as petitioners appeared in this list as owning, in the aggregate, the majority of the acreage in the proposed district. This

was in the original articles as first filed. The amended articles contained the express allegation that the petitioners owned the "majority of the acreage." The court in decreeing the incorporation of the district, as the decree expressly states, acted upon the articles of association as amended. The amendment referred to merely expressed in plain words what the articles as signed already disclosed to be the fact.

The point is ruled against respondent.

II. The real ground upon which respondent urges that we affirm this judgment is that the statute required the articles of association to be filed in the circuit court of the county containing the greatest acreage in the proposed district; and that while this was done, in the first instance, yet after all amendments eliminating various tracts were made, the acreage in Scott county had been so reduced that it was exceeded by that in Mississippi county, and, he insists, this ousted the Scott County Circuit Court of jurisdiction, and, consequently, the decree of incorporation was void.

*Incorporation: County: Greatest Number of Acres After Amendment of Articles.*

The statute (Sec. 5496, p. 206, Laws 1911) required that when the proposed district was "composed of tracts or parcels of land situated in two or more different counties, then" the articles of association were to be filed "in the office of the clerk of the circuit court of the county in which there are situated more of the lands of said district than in any other county in said district." This clause deals with the articles of association as drawn in the first instance, and in that connection designates the county in which they are to be filed. Manifestly, the proper county is to be determined from the face of the articles of association as they are when first filed. It is provided in a following section (5497, as amended, Laws 1911, p. 207) that immediately after such articles are filed,

service shall be had by summons or publication as is
appropriate under the facts in the case of each per-
son owning lands proposed to be affected, and the sum-
monses are to be issued by the clerk of the circuit court
having jurisdiction under the provisions of section
5496, as amended in 1911.   After thus making pro-
vision for bringing in all persons not signers of the
articles and who have not entered appearance, the
same section (5497, Laws 1911, p. 207) expressly pro-
vides:   "Said circuit court shall thereafter maintain
and have original jurisdiction co-extensive with the
boundaries and limits of said district without regard
to county lines for all purposes of this article."

In the following section it is explicitly provided
that "the articles of association may be amended as
any other pleading."

It appears that the Legislature foresaw the very
situation presented in this case.  Given the full power of
amendment, as it was, the circuit court might, as it did
in this case, eliminate, by amendment, so much of the
acreage of the county having the greater acreage in
the original articles as to reduce its acreage below
that of some other county affected.  The provision in
amended section 5497, that after all parties have been
brought in the circuit court in which the articles were
properly filed as first drawn, shall thereafter "*main-
tain* and *have original* jurisdiction . . . without
regard to county lines for all purposes of this article,"
covers the matter exactly and clearly precludes the
possible result of cases like this being shifted back
and forth, from court to court, as varying amend-
ments might be made in the discretion of different
judges.  It is not necessary to discuss the question as
to what conclusion would be just if the statute con-
tained no provision like that quoted.  We think that
provision governs in this case.

The judgment is reversed and the cause remanded
to be proceeded with in a manner not out of conform-

ity with this opinion. *Woodson, C. J.,* and *Graves, Brown* and *Walker, JJ.,* concur; *Bond, J.,* concurs in the result; *Faris, J.,* not sitting.